UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD BENNETT,

          Petitioner,

                                        CASE NO. 2:12-CV-14225
        v.                          JUDGE VICTORIA A. ROBERTS
                                        MAGISTRATE JUDGE PAUL J. KOMIVES

J. TERRIS,

          Respondent.[1]

_____/

**REPORT AND RECOMMENDATION**

I.    <u>RECOMMENDATION</u>: The Court should dismiss petitioner's application for the writ of habeas corpus, without prejudice to petitioner refiling his petition after he exhausts his administrative remedies.

II.    <u>REPORT</u>:

A.    *Procedural History*

Petitioner Donald Bennett is a federal prisoner, currently confined in the Federal Correctional Institution (FCI) in Milan, Michigan.  Petitioner was convicted in the United States District Court for the Northern District of Illinois of conspiracy to take money by force from federally insured banks, 18 U.S.C. § 371 (Count 1); five counts of armed bank robbery, 18 U.S.C. § 2113(a) (Counts 2, 4, 6, 8, and 11); and five counts of using a firearm during the commission of a crime of violence in violation of 18 U.S.C. § 924(c) (counts 3, 5, 7, 9, and 12).  The offenses

---

[1]At the time petitioner filed his habeas application, J. Walton was the Warden at FCI-Milan.  The Warden, and therefore proper respondent, is now J. Terris.  Pursuant to FED. R. CIV. P. 25(d), J. Terris is automatically substituted in place of J. Walton.

involved in Counts 11 and 12 were committed after the November 1, 1987, effective date of the Sentencing Reform Act (SRA).[2] The remaining offenses were committed before that date. On June 28, 1989, the trial court sentenced petitioner to various terms of imprisonment. Specifically, the court sentenced petitioner (a) to a term of 60 months' imprisonment on the conspiracy count (Count 1) and post-SRA armed robbery count (Count 11), (b) a total of 45 years' imprisonment on the § 924(c) counts (consecutive terms of five years on Count 3 and ten years each on Counts 5, 7, 9, and 12), to be served consecutive to the 60 month term imposed on Counts 1 and 11, and (c) terms of five years' imprisonment on each of the remaining armed robbery counts (Counts 2, 4, 6, and 8), to be served concurrently with each other and the 60 month term imposed on Counts 1 and 11. *See* Pet., Ex. B; *United States v. Bennett*, No. 91 C 4889, 1992 WL 194644, at *1 (N.D. Ill. June 30, 1992) (denying petitioner's motion to vacate under § 2255).[3]

On September 24, 2012, petitioner filed this application for the writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner contends that the Bureau of Prisons has incorrectly computed his sentence as totaling 55 years, rather than 50 years. In support of this claim, petitioner relies on an e-mail correspondence with an employee of the Sentence Computation Center in Grand Prairie, Texas. After petitioner had inquired about the computation of his sentence, the employee

---

[2]The SRA significantly changed the federal sentencing system. As relevant to the computation of petitioner's sentence, the SRA eliminated the parole system for offenses committed after the effective date of the Act. Pre-SRA sentences were generally parolable, unless the statute of conviction specified otherwise. *See* 18 U.S.C. §§ 4201 *et seq.*, repealed by Pub. L. No. 98-473, Title II, § 218 (eff. Nov. 1, 1987). The SRA also significantly reduced the amount of statutory good time credit a federal prisoner can earn against his sentence. *Compare* 18 U.S.C. §§ 4161, 4162 (repealed by SRA), *with* 18 U.S.C. § 3624(b).

[3]While incarcerated, petitioner was convicted of a separate count of conspiracy to commit wire fraud. He was sentence to a term of 40 months' imprisonment, to be served consecutive to the sentences at issue here. This separate sentence forms no part of petitioner's habeas claim.

2

responded on August 28, 2012:

> After further review the sentence computation is correct as the Judge ordered on the original J&C. Count 1 and 11 (60 months each) are two separate charges running concurrent. The judge ordered the 45 years on counts 3, 5, 7, 9, and 12 to run consecutive to count 1 AND 11. That is 45 years consecutive to 60 months on count 1 and 60 months on count 11.

Petitioner responded with a follow-up inquiry on the following day:

> The above requested sentencing computation does not advise me of exactly how many years it amounts to. Please tell me exactly how many years the above computation amounts to. In terms of years how many years does it compute to.

On August 31, 2012, petitioner received the following response:

> Total 55 years 45 years + 60 months on count 1 and 60 months on count 11.

Pet., Ex. C. Petitioner also contends that he has received sentencing computations over the years with numerous different projected release dates.

Respondent filed an answer to the petition on January 3, 2013. In addition to arguing that petitioner's application should be dismissed because petitioner failed to exhaust his administrative remedies, respondent argues that petitioner's sentence has been properly calculated, and that the information he received from the Sentence Computation Center employee was simply incorrect. Respondent explains that because of the different dates and characteristics of the underlying offenses, the BOP had to divide the sentences in order to properly compute petitioner's sentence. The pre-SRA armed robbery counts (Counts 2, 4, 6, and 8) were combined with the conspiracy count (Count 1) as a single five-year parolable sentence. This sentence commenced on June 28, 1989, and petitioner was released from this sentence via parole on November 30, 1989. The remaining armed robbery count (Count 11) was for a post-SRA offense and thus was not parolable and was subject to less good time credit. Petitioner commenced this sentence on June 28, 1989, and it was

3

completed on August 7, 1992.  The four pre-SRA § 924(c) convictions (Counts 3, 5, 7, and 9), were aggregated for a total of 35 years.  These convictions were treated separately because, although not subject to the SRA, they were not parolable sentences.  These sentences commenced on August 7, 1992, when petitioner was discharged from the armed robbery conviction in Count 11, to which the sentences were to be served consecutively.  Petitioner received the benefit of the pre-SRA good time system, accruing 4200 days of good time credit.  He was released from this sentence on November 13, 2012.  The 10 year sentence on the remaining § 924(c) conviction (Count 12) was computed to run consecutive to the four aggregated § 924(c) convictions, and began running upon his discharge from the other sentences on November 13, 2012.  Combined with petitioner's 40 month sentence on the unrelated wire fraud conviction, his projected release date is June 23, 2024.  *See* Resp. to Pet., Ex. 1.  Thus aggregated, and without considering good time credit, this calculation shows a total of 50 years' imprisonment–5 (post-SRA) years on Count 11, plus 35 years on the pre-SRA § 924(c) convictions, plus 10 years on the post-SRA § 924(c) conviction in Count 12.

Petitioner filed a reply on January 8, 2013.  With respect to the exhaustion issue, petitioner argues that he has made numerous attempts to resolve the sentence computation issue over the last 25 years.  He also argues that final computations by the Sentence Computation Center are not subject to the BOP's administrative remedy procedures and thus there is no exhaustion issue.  With respect to the merits, petitioner argues that respondent's answer, indicating that the BOP "divided" counts ordered to be served concurrently, proves that his sentence has been improperly calculated.  Dividing the pre-SRA and post-SRA robbery convictions, petitioner contends, caused these sentences to served consecutively rather than concurrently.  For the reasons that follow, the Court should dismiss the petition without prejudice based on petitioner's failure to exhaust his

4

administrative remedies.

B.      *Exhaustion*

The Bureau of Prisons maintains an administrative remedy procedure for inmates to challenge any aspect of their confinement, including the computation of their sentences. *See United States v. Wilson*, 503 U.S. 329, 335 (1992); 28 C.F.R. §§ 542.10-.16.  It is well established that "[f]ederal prisoners must exhaust their administrative remedies prior to filing a habeas petition under § 2241." *Fazzini v. Northeast Ohio Correctional Ctr.*, 473 F.3d 229, 231 (6th Cir. 2006).  Petitioner did not pursue an administrative remedy through the BOP's administrative appeal system regarding the calculation of his sentence.  *See* Gov't's Resp., Ex. 2.  Because petitioner failed to exhaust his administrative remedies, the Court may not consider the merits of petitioner's claim.

Attempting to avoid this conclusion, petitioner argues that he has made numerous attempts over the past 25 years to correct the erroneous computation of his sentence, and that there is essentially no administrative remedy for the Sentence Computation Center's final computation of his sentence.  Neither argument is sufficient to overcome plaintiff's failure to exhaust.  To exhaust his claims, petitioner is required to fully comply with the BOP's regulations regarding administrative remedies.  *See Cantrall v. Chester*, 454 Fed. Appx. 679, 681 (10th Cir. 2012).  Thus, whatever relief he may have pursued outside the formal administrative remedy process set forth in 28 C.F.R. §§ 542.10-.16 is insufficient to show that he exhausted his administrative remedies.  *See Harris v. Stansberry*, No. 1:10cv1337, 2012 WL 27437, at *8 (E.D. Va. Jan. 4, 2012).  Nor can petitioner establish that he has no available administrative remedy.  The regulations state that the administrative remedy procedure is available for an inmate to challenge "any aspect of his . . . confinement."  28 U.S.C. § 542.10(a).  Petitioner has cited, and I have found, no authority

suggesting that final computations by the Sentence Computation Center are not subject to the administrative remedy process. On the contrary, courts routinely dismiss habeas petitions challenging such determinations for failure to exhaust. *See, e.g.*, *Ramirez v. Haynes*, No. CV212-190, 2013 WL 831423, at *2 (Feb. 11, 2013), *magistrate judge's report adopted*, 2013 WL 837320 (S.D. Ga. Mar. 6, 2013); *Brewer v. Warden*, No. 5:12-0885, 2013 WL 1896176, at *4 (Apr. 12, 2013), *magistrate judge's report adopted*, 2013 WL 1896181 (S.D. W. Va. May 6, 2013); *Harris*, 2012 WL 27437, at *8; *Starling v. Gunja*, No. 4:07CV3607, 2008 WL 4186923, at *3 (N.D. Ohio Sept. 5, 2008).

The exhaustion requirement protects administrative agency authority by giving the agency the first opportunity to correct its own mistakes, and promotes efficiency by providing a more economical forum for the resolution of claims and, failing a resolution, a fully developed record to assist a court in readily disposing of a claim. These concerns are particularly apt here. "The Attorney General, through the BOP, has responsibility for computing federal sentences and determining the commencement of sentences under 18 U.S.C. § 3585." *Starr v. Outlaw*, No. 2:09CV00062, 2010 WL 6390643, at *4 (Dec. 13, 2010) (citing *United States v. Tindall*, 455 F.3d 885, 888 (8th Cir.2006) (in turn citing *United States v. Wilson*, 503 U.S. 329, 334-35 (1992))), *magistrate judge's report adopted,* 2011 WL 1235558 (E.D. Ark. Apr. 1, 2011); *see also*, *Hawk v. Sherman*, No. 06-300, 2008 WL 360897, at *6 (W.D. Pa. Feb. 8, 2008) (citing *United States v. Wilson*, 503 U.S. 329, 331 (1992); 28 C.F.R. § 0.96) ("Computation of a federal sentence is the responsibility of the Attorney General of the United States, who exercises it through the BOP."). Thus, respect for administrative authority strongly counsels in favor of requiring proper exhaustion in this case. Further, petitioner's claims involve a complex calculation of his sentence in light of

the numerous sentences imposed and the fact that those sentences are governed by two different sentencing schemes. In these circumstances, exhaustion is appropriate to allow development of a complete record regarding the calculation of petitioner's total sentence. *See Torres-Perez v. Holland*, No. 12-CV-165, 2013 WL 1628243, at *2 (E.D. Ky. Apr. 15, 2013) ("Without a more complete record, the Court simply has no adequate evidentiary foundation upon which to determine the viability of Torres-Perez's claims.").

C.    *Conclusion*

In view of the foregoing, the Court should conclude that petitioner has failed to exhaust his administrative remedies. Accordingly, the Court should dismiss the petition without prejudice to petitioner refiling after he has exhausted his administrative remedies.[4]

III.    NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED. R. CIV. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *See Willis v. Secretary of Health*

---

[4]Ordinarily, a habeas petitioner may not appeal the denial of his habeas application without obtaining a certificate of appealability pursuant to 28 U.S.C. § 2253. By its terms, however, that provision is limited to appeals from final orders issued in either "a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court" or "a proceeding under section 2255." 28 U.S.C. § 2253(c)(1)(A), (B). Because petitioner's application is a petition by a federal prisoner properly brought under § 2241, it is not subject to the certificate of appealability requirement. *See Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004). Accordingly, I do not include a recommendation regarding the certificate of appealability.

*& Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.


Dated: July 24, 2013                    s/ Paul J. Komives
                                        PAUL J. KOMIVES
                                        UNITED STATES MAGISTRATE JUDGE


I hereby certify that a copy of the foregoing document was sent to parties of record on July 24, 2013, electronically and/or by U.S. mail

                                        s/Michael Williams
                                        Relief Case Manager for the
                                        Honorable Paul J. Komives

8