UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD BENNETT,

      Petitioner,

v.

                                  CASE NO. 2:12-CV-14225
                                  JUDGE VICTORIA A. ROBERTS
                                  MAGISTRATE JUDGE PAUL J. KOMIVES

J.A. TERRIS,

      Respondent.

_____/

OPINION AND ORDER DENYING PETITIONER'S MOTION TO REINSTATE HABEAS PETITION (docket #17)

      Petitioner Donald Bennett is a federal prisoner, currently confined in the Federal Correctional Institution (FCI) in Milan, Michigan. Petitioner was convicted in the United States District Court for the Northern District of Illinois of conspiracy to take money by force from federally insured banks, 18 U.S.C. § 371 (Count 1); five counts of armed bank robbery, 18 U.S.C. § 2113(a) (Counts 2, 4, 6, 8, and 11); and five counts of using a firearm during the commission of a crime of violence in violation of 18 U.S.C. § 924(c) (counts 3, 5, 7, 9, and 12). On June 28, 1989, the trial court sentenced petitioner to various terms of imprisonment. Specifically, the court sentenced petitioner (a) to a term of 60 months' imprisonment on the conspiracy count (Count 1) and post-SRA armed robbery count (Count 11), (b) a total of 45 years' imprisonment on the § 924(c) counts (consecutive terms of five years on Count 3 and ten years each on Counts 5, 7, 9, and 12), to be served consecutive to the 60 month term imposed on Counts 1 and 11, and (c) terms of five years' imprisonment on each of the remaining armed robbery counts (Counts 2, 4, 6, and 8), to be served concurrently with each other and the 60 month term imposed on Counts 1 and 11. *See* Pet., Ex. B; *United States v. Bennett*, No. 91 C 4889, 1992 WL 194644, at *1 (N.D. Ill. June 30, 1992)

(denying petitioner's motion to vacate under § 2255).  On September 24, 2012, petitioner filed this application for the writ of habeas corpus pursuant to 28 U.S.C. § 2241, contending that the Bureau of Prisons has incorrectly computed his sentence as totaling 55 years, rather than 50 years.  On July 24, 2013, I filed a Report recommending that petitioner's application be dismissed without prejudice based on petitioner's failure to exhaust his administrative remedies.  The District Judge adopted the Report on January 14, 2014, and entered a Judgment dismissing the petition without prejudice on the same date.  The matter is currently before the Court on petitioner's motion to reinstate his habeas petition, filed on July 1, 2014.  Petitioner contends that he has now exhausted his administrative remedies, and that the Court should therefore reinstate his petition.  Respondent filed a response on July 25, 2014.  Respondent contends that the proper course where, as here, a petition has been dismissed without prejudice for failure to exhaust, is for petitioner to file a new application.  Petitioner filed a reply on July 31, 2014.  On July 22, 2014, Judge Roberts referred the matter to me for hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A).

It is well established that "[f]ederal prisoners must exhaust their administrative remedies prior to filing a habeas petition under § 2241." *Fazzini v. Northeast Ohio Correctional Ctr.*, 473 F.3d 229, 231 (6th Cir. 2006).  In accordance with this rule, the Court dismissed petitioner's prior application without prejudice to petitioner refiling his habeas challenge once exhaustion was completed.  That determination, however, resulted in a final judgment dismissing the case.  The only avenue for vacating that judgment would be a motion for relief from judgment pursuant to FED. R. CIV. P. 60(b).  However, "a Rule 60(b) motion is not the proper avenue for relief because petitioner is not challenging the merits of the Court's decision dismissing his petition: he simply returns to the Court because exhaustion now has been satisfied.  The proper procedure in such a case is to file a new habeas corpus action." *Hyder v. Quarterman*, No. C-07-291, 2008 WL 5377965, at * (S.D.

Tex. Dec. 22, 2008) (citing *Canales v. Quarterman*, 507 F.3d 884 (5th Cir. 2007)).  The cases relied upon by petitioner are not to the contrary.  In each of those cases, the petition had not been dismissed, but had been stayed for further exhaustion pursuant to the Supreme Court's procedure in *Rhines v. Weber*, 544 U.S. 269 (2005), which allows a court to stay rather than dismiss an unexhausted petition where dismissal would result in the limitations period expiring during exhaustion.  *See Rodriguez v. Jones*, 625 F. Supp. 2d 552, 559 (E.D. Mich. 2009) (Rosen, J.); *Batey v. Burt*, No. 05-CV-73699, 2007 WL 1218705 (E.D. Mich. Apr. 23, 2007) (Hood, J.).  This procedure was not employed here, because petitioner faces no limitations problems.  Thus, the appropriate course is not to reopen the instant case, but for petitioner to file a new habeas petition raising his exhausted claims.

  Accordingly, it is ORDERED that petitioner's motion to reinstate habeas petition is hereby DENIED WITHOUT PREJUDICE to petitioner filing a new habeas application.   The attention of the parties is drawn to FED. R. CIV. P. 72(a), which provides a period of fourteen days from the date of this Order within which to file any objections for consideration by the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

  IT IS SO ORDERED.


Dated: September 10, 2014      s/ Paul J. Komives
                PAUL J. KOMIVES
                UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on September 10, 2014, electronically and/or by U.S. Mail.
                s/Michael Williams
                Case Manager for the
                Honorable Paul J. Komives